PROB. 12B
(7/93)

**ORIGINAL**

# United States District Court

## for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

APR 17 2006

at 3 o'clock and 32 min. PM
SUE BEITIA, CLERK

**Request for Modifying the Conditions or Term of Supervision
with Consent of the Offender**
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender: JOHN T. UEMURA                Case Number: CR 02-00471-01

Name of Sentencing Judicial Officer:   The Honorable Barry M. Kurren
                                       U.S. Magistrate Judge

Date of Original Sentence: 4/27/2005

Original Offense:   Theft of Government Property, in violation of 18 U.S.C. § 641

Original Sentence:  Twelve (12) months probation

Modified
Sentence:   On 5/17/2005, the Court modified the conditions of probation to include:
            1) That the defendant participate in a substance abuse program, which
            may include drug testing at the discretion and direction of the Probation
            Office.

Type of Supervision: Probation            Date Supervision Commenced: 4/27/2005

### PETITIONING THE COURT

[X]   To extend the term of supervision for <u>six (6) months</u>, for a total term of <u>eighteen
      (18) months</u>.

[X]   To modify the conditions of supervision as follows:

*General Condition:*       That the defendant shall refrain from any unlawful use of a
                           controlled substance. The defendant shall submit to one
                           drug test within 15 days of the commencement of
                           supervision and at least two drug tests thereafter but no
                           more than eight valid drug tests per month during the term of
                           supervision.

Prob 12B
(7/93)

2

*Special Condition No. 1:*   *That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.*

## CAUSE

| Violation Number | Nature of Noncompliance |
|---|---|
| 1. Standard Condition No. 7 and General Condition | The subject admitted using morphine sulfate from November 2005 to February 2006, and from 3/15/2006 to 3/29/2006. |
| 2. Special Condition No. 1 | The subject refused to comply with drug testing on 2/8/2006. |
| 3. Standard Condition No. 2 | The subject failed to submit monthly supervision reports for the months of October 2005, November 2005, December 2005, February 2006, and March 2006. |

On 5/17/2005, the subject's conditions of probation were modified to require that the subject participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office. This was due to our office discovering the subject's past addiction to heroin spanning a twenty-year period. It was also discovered that the subject had been participating in a methadone maintenance program for the past several years.

On 10/27/2005, The Honorable Barry M. Kurren, U.S. Magistrate Judge, was notified that the subject refused to comply with drug testing on 6/11/2005 and 10/16/2005, and that the subject's urine specimen of 8/29/2005 tested positive for cocaine. The subject was verbally admonished for his noncompliance. Because the subject was actively participating in substance abuse counseling at Freedom Recovery Services (FRS), no further action was recommended. U.S. Magistrate Judge Kurren concurred with this recommendation.

This report serves to notify the Court of additional violations. Since the subject was placed on probation, the subject has reported having dental problems. His teeth are in very poor condition and are noticeably in decay. As a result, the subject presented a prescription for vicodin due to his ongoing dental pain. In November 2005, the subject's urine specimens at FRS began testing positive for opiates on each occasion. Because the subject had a valid prescription for vicodin, the positive tests were initially excused by our office. Vicodin is an opiate-based narcotic. The subject continued to test positive for opiates through December 2005. When questioned by this officer, the subject denied using any other substance other than vicodin.

Prob 12B
(7/93)

3

On 1/6/2006, the subject admitted to a substance abuse counselor at FRS, that he had been buying morphine sulfate on the street in order to deal with his extreme dental pain. The subject later admitted that he had lied to this officer when questioned about his continued opiate use. He claimed that the vicodin was not working well enough or that when he ran out of his prescription, he would supplement this with illegal morphine use. Shortly thereafter, this officer contacted the subject's dentist and confirmed that the subject has severe tooth decay and had been treated recently for a massive infection of his gums. The dentist was not aware of the subject's long history of heroin addiction or that the subject was participating in a methadone maintenance program. As a result of this information, the dentist agreed to no longer prescribe the subject any narcotic pain medication. He indicated that the subject's future dental work should no longer require pain medication.

The subject was verbally reprimanded for his continued morphine use. He was instructed to work with his dentist to take care of his dental problems and to no longer abuse morphine sulfate obtained illegally. As an additional corrective measure, this officer worked with the subject's methadone counselor to raise his dosage to assist him with his cravings for opiate medication. The subject was also placed in a weekly methadone maintenance group counseling class at Drug Addiction Services of Hawaii. This is in addition to the weekly individual counseling he is receiving at FRS.

Our office was informed by FRS that on 2/8/2006, the subject failed to submit a urine specimen for testing. As the subject was oriented to the requirements of the drug testing program, he is charged with refusal to comply with drug testing. When questioned, the subject admitted that he simply forgot to call FRS because he had been very busy at work. He was verbally admonished and warned to be more careful in the future.

After the beginning of February 2006, the subject began testing negative for opiates. He appeared to be in compliance, until on 3/28/2006, our office received confirmation that the subject had tested positive for opiates on 3/15/2006. The subject admitted that he had again purchased morphine sulfate after one of his teeth broke off which exposed a nerve. The subject reported that he purchased dental insurance and was having much of his dental work taken care of. The subject claimed that he could not handle the pain and his dentist would no longer prescribe him narcotic pain medication. The subject admitted using morphine sulfate from 3/15/2006 until 3/29/2006. The subject was informed that his dentist had told this officer that he didn't need the medication if he addressed his dental work properly.

On 4/10/2006, the subject submitted a urine specimen at the Probation Office which tested negative for opiates. The subject was warned that any future use of morphine or other opiate pain medication would not be tolerated, unless he was having a documented medical emergency and/or was admitted to a hospital. The subject stated that he would comply with this instruction. He was also warned that should he fail to comply with this instruction, our office would likely initiate revocation proceedings.

Prob 12B
(7/93)

4

    This officer conferred with the subject's methadone counselor and learned that the subject may be eligible in the future to begin taking a new maintenance drug called buprenorphine. This drug is reportedly very new and is slowly replacing methadone. It is supposed to assist with pain management better than methadone. It also has a side effect wherein users of this drug become very ill if they use any other opiate drug. This would further motivate the subject to not use illegally obtained morphine.

    The subject's violations also include his failure to submit a truthful and complete written report within the first five days of each month. For the months of October 2005, November 2005, December 2005, February 2006, and March 2006, the subject has failed to submit a monthly supervision report. Our office has made contact with the subject's employer and confirmed that he has been full-time employed during this period. The subject was reprimanded and instructed to submit the delinquent reports immediately.

    Although the subject's continued morphine use is very concerning, it is somewhat mitigated by his severe dental problems. Now that the subject has dental insurance and has been addressing his dental care appropriately, he has no excuse for any future illegal morphine use. Our office would like to afford the subject an opportunity to show the Court and our office that he can remain drug free and compliant.

    As a result, we respectfully recommend that the Court modify the subject's conditions of probation to extend his probation term for an additional six (6) months, for a total term of eighteen (18) months. This will allow our office to continue monitoring the subject in the community and his issues with substance abuse. Additionally, in light of U.S. vs. Stephens, we are requesting that the Court modify the mandatory drug testing condition (General Condition) to allow for continued drug testing. We are also requesting that Special Condition No. 1 be revised to include updated language.

Prob 12B
(7/93)

5

As noted by his signature on the attached Waiver of Hearing form (Probation Form 49), the subject maintains no objections to this recommendation. The subject's attorney and the U.S. Attorney's Office have been notified of the proposed extension of probation and the modifications.

Respectfully submitted by,

*[signature]*

FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

*[signature]*

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 4/13/2006

---

THE COURT ORDERS:

[ X ] The Extension of Supervision as Noted Above
[ X ] The Modification of Conditions as Noted Above
[   ]    Other

*[signature]*
LESLIE E. KOBAYASHI
U.S. Magistrate Judge

4/14/06
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

    I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

    I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]    To extend the term of supervision for <u>six (6) months</u>, for a total term of <u>eighteen (18) months</u>.

[ X ]    To modify the conditions of supervision as follows:

        General Condition:    That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision.

        Special Condition No. 1:    That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

Witness: _____
FRANK M. CONDELLO, II
U.S. Probation Officer

Signed: _____
JOHN T. UEMURA
Probationer

3/30/06
Date